UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,             CASE NO. 05-CV-90039-DT
                                                                  HON. LAWRENCE P. ZATKOFF

        Plaintiff,

vs.

D-1 ROBERT LEWIS YOUNG,

        Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on February 13, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

This matter is before the Court on Defendant's "Motion for Bail Pending Trial" pursuant to 18 U.S.C. § 3142 and notice and request for a hearing with respect to such Motion. The Government has filed a response. As the Court finds that the facts and legal arguments pertinent to the Defendant's Motion are adequately presented in the parties' papers and the recording of the detention hearing held in Las Vegas, Nevada, on December 16, 2005, the Court finds that the decisional process will not be aided by oral arguments. Therefore, pursuant to E.D. Mich. Local R. 7.1(e)(2), it is hereby ORDERED that Defendant's Motion be resolved on the briefs submitted, without this Court entertaining additional oral arguments. For the reasons that follow, the Defendant's Motion is DENIED.

## II. BACKGROUND

On December 13, 2005, Defendant was charged in a 27 count indictment filed under seal in the Eastern District of Michigan. On the same day, a warrant was issued for the Defendant's arrest.

The indictment was unsealed on December 15, 2005, and includes one or more counts for each of the following offenses: (1) sex trafficking of children, (2) sex trafficking by force, fraud or coercion, (3) transportation of minor for criminal sexual activity, (3) transportation for prostitution, (4) sexual exploitation of children, (5) interstate distribution of child pornography, (6) threatening interstate communications, (7) possession with intent to distribute marijuana, (8) felon in possession of a firearm, (9) money laundering, and (10) use of interstate facility in aid of racketeering.

Defendant was arrested in Las Vegas, Nevada, on December 15, 2005.  He was temporarily detained before having a hearing before Magistrate Judge Lawrence R. Leavitt of the U.S. District Court, District of Nevada, on December 16, 2005.  Defendant was represented at the hearing by Jason Carr, an attorney with the Nevada Federal Defender Office appointed on Defendant's behalf.  Magistrate Judge Leavitt entered an Order of Detention, wherein he concluded "that the credible testimony and information submitted at the hearing established by clear and convincing evidence that the defendant is a danger to the community and by a preponderance of the evidence that the defendant is a risk of flight and that no condition or combination of conditions will reasonably assure his appearance as required."  Accordingly, Defendant's detention was continued and he was and transported to Detroit, Michigan for arraignment on the indictment.  A recorded copy of the detention hearing has been received and reviewed by the Court.

In conjunction with his hearing in Las Vegas, Nevada, Sandra P. Bustos, a Pretrial Services Officer in the U.S. District Court for the District of Nevada, prepared a Pretrial Services Report ("PTSR") on December 15, 2005.  This report was prepared without input of any nature by Defendant, upon the request of his counsel.  The PTSR accordingly contained little information regarding Defendant's History/Residence/Family Ties, Employment History/Financial Resources and Health.   The PTSR was not lacking with respect to Defendant's Prior Record, however, notwithstanding that a thorough check had not been completed at the time the PTSR was prepared.  His criminal record includes the following convictions:

1. May 4, 1979 - Charge of Stolen Property in Clinton Township, Michigan. Pled to misdemeanor for failure to stop at scene of property damage accident.

        1 month in jail.

2.     September 8, 1982 - Charge of Robbery in Detroit, Michigan. Felony conviction with sentence of 3-15 years.

3.     September 14, 1987 - Charges of Dangerous Drugs and Weapons Offense in Grand Rapids, Michigan. Convicted of Felony for possession of 25 to 49 grams controlled substance with a sentence of 18 to 36 months and Felony for carrying concealed weapon with a sentence of 18 to 30 months.

4.     July 30, 1992 - Charged with Dangerous Drugs in Grand Rapids, Michigan. Convicted of misdemeanor with $500 fine.

5.     May 6, 1997 - Charged with Fraudulent Activities in Kent County, Michigan. Convicted of a felony for motor vehicle false certification with a sentence of 1 day in jail and $810 fine.

6.     May 11, 1998 - Charged with giving false name/information to a police officer and forgery in Clayton County, Georgia. Received $400 fine and 12 months suspended (further disposition unknown).

In addition, the PTSR contains numerous offenses and information for which the disposition is unknown or Defendant failed to appear:

A.     April 29, 1979 - Charged with homicide in Clinton Township, Michigan. No disposition available.

B.     May 31, 1986 - Charged with stolen vehicle in Clinton Township, Michigan. No disposition is available.

C.     April 15, 1997 - Charged with Assault with Dangerous Weapon - Knife. No disposition available.

D.     May 14, 1998 - Charged with Fugitive in Clayton County, Georgia. No disposition available.

E.     April 16, 1999 - Charged with living with a prostitute, living off earnings of a prostitute and pandering child in Las Vegas, Nevada. All three charges are felonies but Defendant failed to appear on May 12, 1999. Bail was set at $10,000 on each warrant and each warrant remains active.

F.     January 25, 2004 - Charges of Criminal Property Damage and Disorderly Conduct in Honolulu, Hawaii. Bench warrant issued and remains active.

G.     January 8, 2005 - Charged with Criminal Contempt of Court (three counts), identity theft, driving without a license and forgery in Honolulu, Hawaii. Bench warrants issued and remain active for first three counts. For counts 4-6, Defendant was released pending further investigation and no further disposition is known.

Defendant's criminal history also includes charges of robbery (1982 in Detroit) and a weapons offense (1993 in Detroit) which were dismissed. The PTSR notes that Defendant has used six alias names, three dates of birth and five social security numbers. Finally, at the time of his arrest in Las Vegas on December 15, 2005, Defendant provided a false name and identification to the arresting officers.

An Addendum to the PTSR was prepared by Susan D. Gilmore, a Pretrial Services Officer in the Eastern District of Michigan, on January 12, 2006. According to the Addendum, Ms. Gilmore verified that Defendant uses his mother's address in Mt. Clemens, Michigan as a permanent address. Defendant indicated that he previously resided at an address in Detroit, Michigan, but was unable to provide exact dates. Defendant also stated that he resided in Hawaii during the winters and in Michigan during the summers. Defendant reported that was an absentee owner of a travel agency in Hawaii for two years (until April 2005), that he previously owned an auto detail shop in Ohio and that he is currently supported by his savings.

### III.  ANALYSIS

**A.  Procedure**

This Court considers a defendant's request for bail pending trial or an appeal of an order of detention by a magistrate judge on a "de novo" basis.

18 U.S.C. § 3142(f) requires that, upon the request of the Government or upon a judicial officer's decision sua sponte, a judicial officer shall hold a "hearing to determine whether any condition or combination of conditions provided for in 18 U.S.C. § 3141(c) will reasonably assure the appearance of such person as required and the safety of any other person and the community . . ." Pursuant to 3142(f)(1) and (f)(2), the Government requested such a hearing when Defendant was arrested in Las Vegas, Nevada on December 15, 2005. The Defendant's detention hearing was held on December 16, 2005, in the U.S. District Court, District of Nevada, Las Vegas, Nevada. The language of 18 U.S.C. § 3142(f) does not provide a defendant with the right to request a detention

hearing (as the Defendant has requested in his present motion), however, a defendant does have the right to appeal a detention order issued by a magistrate judge. Accordingly, the Court treats the Defendant's Motion as an appeal of the Order of Detention issued by Magistrate Judge Leavitt.

As noted above, Defendant was previously afforded a detention hearing. The Court has received and reviewed the recorded testimony of such hearing and, as such, the Court need not conduct an additional hearing regarding this matter. *See, e.g., U.S. v. Reese*, 142 F.3d 438, 1998 WL 80170 (6th Cir. 1998) (Table); *U.S. v. Cummins*, 833 F.2d 1014, 1987 WL 39054 (6th Cir. 1987)(Table); *U.S. v. Thornton*, 787 F.2d 594, 1986 WL 16642 (6th Cir. 1986) (Table).

**B.    Legal Standard**

18 U.S.C. § 3142(b) provides that a "judicial officer shall order the pretrial release of the person . . . unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community."

As Defendant acknowledges in his brief in support of the instant Motion, there is a presumption that he should be detained in this case because he is accused of engaging in offenses with victims who are minors. This presumption means that the burden of production shifts to the Defendant, but the ultimate burden of persuasion still rests with the Government. *See, e.g.*, *U.S. v. Rueben*, 974 F.2d 580, 586 (5th Cir. 1992), *cert. denied*, 504 U.S. 940 (1982); *U.S. v. Clark*, 791 F.Supp. 259, 260 (E.D. Wash. 1992). Doubts about the sufficiency of the evidence are to be resolved in the Defendant's favor. *Rueben, supra; Clark, supra; U.S. v. Gebro*, 948 F.2d 1118 (9th Cir. 1991); *U.S. v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

**C.    Defendant is a Flight Risk**

Defendant currently has at least eight outstanding warrants for his arrest stemming from the crimes he was charged with on April 16, 1999, January 25, 2004 and January 8, 2005. Each of those crimes occurred two thousand or more miles away from this Court. Defendant has used at least six alias names, three dates of birth and five social security numbers (at least two of which were social

security numbers of other persons). In addition, contrary to Defendant's representations in his brief, Defendant did not "submit[] to the lawful authority of the federal government in Las Vegas" upon becoming aware of the pending investigation against him. Rather, law enforcement officers had to go to arrest him. Moreover, the Defendant provided a false name and identification to the law enforcement officers upon his arrest on December 15, 2005.

Defendant asserts in his brief that he owns his own home but has offered no documentation of such ownership. Defendant asserts that he has ties to the Detroit community, that he will be residing with his mother if released and that his many family and friends in the Eastern District of Michigan are willing to act as sureties on his bond (and that such sureties are people Defendant would not want to put in financial jeopardy by fleeing). The record accumulated by Defendant over the years, including recent years, belies such assertions. Defendant has listed his mother's address as his permanent address in the past, yet he claims to live in Hawaii in the winters and Detroit in the summers. Defendant has arrests across the country and he has failed to cooperate with authorities and/or appear on numerous other occasions. The Court does not find that the fact that Defendant might be able to utilize family members and friends to act as sureties will ensure his presence. Finally, the fact that Defendant's counsel has advised Defendant that any bail jumping would likely add years to his sentence is not a convincing argument because Defendant faces a minimum of 20 years incarceration if convicted.

For the foregoing reasons, the Court finds that the record in this case clearly establishes that Defendant is a flight risk and that no set of conditions would reasonably assure his appearance in this matter.

### D.    Defendant is a Danger to the Community

Defendant states that his

> personal and criminal history militates in favor of finding that he is not a danger to the community. Mr. Young's criminal history all dates from when he was a much younger man. He has been free of any but the instant allegations of violence or criminality for many years.

6

Defendant's assertions on this issue are disingenuous. In fact, Defendant has been in virtually continuous contact with the legal justice system for the last 27 years. His criminal history includes convictions for robbery, carrying concealed weapons, drug charges and prostitution related charges, as well as the many charges associated with hiding his true identity and stealing the identity of others.

Defendant also contends that he "has complied with all bail conditions set in the past." As the PTSR demonstrates, however, he currently has eight outstanding warrants, is charged with being a fugitive in Georgia and has failed to appear on numerous occasions. The fact that Defendant's fiancee is willing to testify that there is no history of domestic violence toward her is noted. The gravity of the instant charges, however, including the threat to minors, possession of a firearm and distribution of marijuana charges, demonstrate that Defendant presents a great danger to the community if he is not detained.

For the reasons set forth above, the Court concludes that Defendant presents a danger to the community and Defendant has not produced evidence which support the Court releasing Defendant on bail pending trial.

### V.  CONCLUSION

Accordingly, and for the reasons set forth above, Defendant's Motion for Bail Pending Trial is DENIED.

IT IS SO ORDERED.

                                              s/Lawrence P. Zatkoff
                                              LAWRENCE P. ZATKOFF
                                              UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2006

CERTIFICATE OF SERVICE

 The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 13, 2006.

         s/Marie E. Verlinde
         Case Manager
         (810) 984-3290