# United States District Court
## Eastern District of Michigan

| | |
|---|---|
| United States of America | **JUDGMENT IN A CRIMINAL CASE** |
| V. | |
| ROBERT LEWIS YOUNG | Case Number: 05CR90039-1 |
| | USM Number: 40635-048 |
| | |
| | Rafael C. Villarruel |
| | Defendant's Attorney |

**THE DEFENDANT:**

Pleaded guilty to count(s): **1,2,3,4,5,6,7,8,9,10,14,15,19,21,22,24,25,and 27..**

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See page 2 for details. | | | |

The defendant is sentenced as provided in pages **2 through 8** of this judgment. This sentence is imposed pursuant to the Sentencing Reform Act of 1984

Count(s): **11,12,13,16,17,18,20,23 and 26.** are dismissed on the motion of the United States after a plea of not guilty.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

March 15, 2007
Date of Imposition of Judgment

_____
Lawrence P. Zatkoff
United States District Judge

3-20-07
Date Signed

FILED MAR 20 2007
CLERK'S OFFICE
DETROIT

FILED MAR 15 2007
CLERK'S OFFICE
DETROIT

[Rev. 12/03] Judgment in a Criminal Case
Sheet 1A

Judgment-Page 2 of 9

DEFENDANT: ROBERT LEWIS YOUNG
CASE NUMBER: 05CR90039-1

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. SECTION 1591(a) | Sex Trafficking of Children | 12/31/05 | 1 & 2 |
| 18 U.S.C. SECTION 1591(a) | Sex Trafficking by Force | 12/31/05 | 3, 4, and 5 |
| 18 u.s.c. section 2423(a) & (e) | Transportation of a Minor for Criminal Sexual Activity | 12/31/05 | 6, 7, 8, 9, and 10 |
| 18 U.S.C. SECTION 2421 | Transportation for Prostitution | 12/31/05 | 14, 15 & 19 |
| 18 U.S.C. SECTION 2251(a) | Sexual Exploitation of Children | 12/31/05 | 21 |
| 18 U.S.C. SECTION 2252A(a)(1) | Interstate Distribution of Child Pornography | 12/31/05 | 22 |
| 21 U.S.C. SECTION 841(a)(1) | Possession with Intent to Distribute Marijuana | 12/31/05 | 24 |
| 18 U.S.C. SECTION 922(g)(1) | Felon in Possession of a Firearm | 12/31/05 | 25 |
| 18 U.S.C. SECTION 1952(a) | Use of Interstate Facility in Aid of Racketeering | 12/31/05 | 27 |

[Rev. 12/03] Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment-Page 3 of 9

DEFENDANT: ROBERT LEWIS YOUNG
CASE NUMBER: 05CR90039-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: Counts 1 & 2 is 300 months as to each count; Counts 3,4 &5 as to each count 300 months; Counts 6,7,8,9, and 10 as to each count 300 months; Counts 14,15 and 19 as to each count 120 months; Count 21 is 300 months; Count 22 is 240 months; Count 24 is 60 months; Count 25 is 120 months; and Count 27 is 240 months. All counts are to run concurrent.

The court makes the following recommendations to the Bureau of Prisons: **The Court recommends that Defendant be placed at Milan Prison.**

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ _____ to _____ _____ _____ a _____, with a certified copy of this judgment.

_____
United States Marshal

_____
Deputy United States Marshal

AB [Rev. 12/03] Judgment in a Criminal Case
Sheet 3- Supervised Release

Judgment-Page 4 of 9

DEFENDANT: ROBERT LEWIS YOUNG
CASE NUMBER: 05CR90039-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **As to Counts 1 thru 10 and Count 21 is 5 years as to each count. As to Counts 14, 15, 19, 22, 24, 25 and 27 is 3 years as to each count. All counts are to run concurrent.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

If the defendant is convicted of a felony offense, DNA collection is required by Public Law 108-405.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. Revocation of supervised release is mandatory for possession of a controlled substance.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report ot the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement; and

14) the defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. Revocation of supervised release is mandatory for possession of a firearm.

DEFENDANT: ROBERT LEWIS YOUNG
CASE NUMBER: 05CR90039-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a a program approved by the Probation Department for substance abuse, which program may include testing to determine if the defendant has reverted to the use of drugs or alcohol. If necessary.

Defendant is to pay all Friend of the Court arrearages while on supervised release.

The defendant shall reside at Monica Community Center for a period of 180 consecutive days and follow all of the rules of the program.

The defendant shall not have any unsupervised contact with any minor child under the age of 18 years old unless approved by the U.S. Probation Department.

The defendant shall not marry or date anyone with a minor child unless approved by the U.S. Probation Department.

The defendant shall not provide care or live-in a home with a minor child unless approved by the U.S. Probation Department.

The defendant shall inform any woman or man that he associates with that have children about his criminal history.

The defendant shall participate in a mental health program approved by the U.S. Probation Department for treatment of sexual offenders or any other concerns identified through an evaluation.

The defendant shall comply with all applicable requirements to register as a sex offender and adhere to any state, local or federal law for sex offenders.

The defendant shall live at an address approved by the U.S. Probation Department.

The defendant shall not frequent schools, parks or playgrounds.

The defendant must inform the U.S. Probation Department of any contact with a minor.

The defendant shall not travel out of the Eastern District of Michigan without the permission of the court.

The defendant shall not possess any pornographic material.

The defendant shall consent to the application of a computer monitoring device on any computer in his household which will also include the defendant disclosing any passwords.

The defendant shall not subscribe, purchase, create, establish any web page or access the internet.

The defendant shall not enter any adult entertainment establishments.

The defendant shall seek approval frm the U.S. Probation Department before establishing any business ventures.

The defendant shall not possess a passport.

The defendant shall pay any special assessment balance still owing in monthly payments as recommended by the probation officer and approved by the Court.

The defendant shall provide the Probation Department access to any requested financial information.

The defendant will not incur any new charges or open additional lines of credit without the approval of the Probation Department.

AO 245B (Rev. 12/03) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

Judgment-Page 7 of 9

DEFENDANT: ROBERT LEWIS YOUNG
CASE NUMBER: 05CR90039-1

## CRIMINAL MONETARY PENALTIES

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS:** | $ 1800.00 | $ 0.00 | $ 0.00 |

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| **TOTALS:** | $ 0.00 | $ 0.00 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Judgment-Page 8 of 9

DEFENDANT: ROBERT LEWIS YOUNG
CASE NUMBER: 05CR90039-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:
Unless the court has expressly ordered otherwise in the special instructions above, while in custody, the defendant shall participate in the Inmate Financial Responsibility Program. The Court is aware of the requirements of the program and approves of the payment schedule of this program and hereby orders the defendant's compliance. All criminal monetary penalty payments are to be made to the Clerk of the Court, except those payments made through the Bureau of Prison's Inmate Financial Responsibility Program.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

The defendant shall forfeit the defendant's interest in the following property to the United States:

**See detail list attached.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B [Rev. 12/03] Judgment in a Criminal Case
Sheet 6B - Schedule of Payments

Judgment-Page 9 of 9

DEFENDANT: ROBERT LEWIS YOUNG
CASE NUMBER: 05CR90039-1

## ADDITIONAL FORFEITED PROPERTY

In accordance with the Stipulated Preliminary Order of Forfeiture, the defendant shall forfeit his interest in the following properties to the United States of America:

1. $26,600 in U.S. Currency.
2. One Fox Fur Jacket.
3. Miscellaneous Computer and Electronic Equipment with an approximate value of $4,848.71; and
4. Miscellaneous Jewelry with an approximate value of $17,148.00.