UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                            Criminal Case No. 05-90039
                                              Civil Case No. 16-12548

Robert Lewis Young, D-1,

                                              Sean F. Cox
    Defendant/Petitioner.                United States District Court Judge

_____/

**OPINION & ORDER DENYING
MOTION UNDER 28 U.S.C. § 2255**

This matter is currently before the Court on Defendant/Petitioner Robert Lewis Young's *pro se* motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The Government has responded in opposition to the motion. Petitioner did not file a reply brief and the time permitted for doing so has passed. The motion is now ripe for a decision by the Court. For the reasons set forth below, the Court shall DENY the motion.

**BACKGROUND**

In Criminal Case Number 05-90030, Petitioner was charged in a multiple-count indictment with various child exploitation, child prostitution, drug, firearm, and money laundering offenses. That criminal case was assigned to the Honorable Lawrence P. Zatkoff.

Petitioner pleaded guilty to Counts 1 through 10, 14, 15, 19, 21, 22, 24, 25 and 27 of the Indictment, which included: Sex Trafficking of Children, in violation of 18 U.S.C. § 1591(a); Sex Trafficking by Force, in violation of 18 U.S.C. § 1591(a); Transportation of a Minor for Criminal Sexual Activity, in violation of 18 U.S.C. §2423(a) & (e); Transportation for Prostitution, in violation of 18 U.S.C. § 2421; Sexual Exploitation of Children, in violation of 18

U.S.C. § 2251(a); Interstate Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1); Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. § 841(a)(1); Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1); and Use of Interstate Facility in Aid of Racketeering, in violation of 18 U.S.C. § 1952(g).

Judge Zatkoff originally sentenced Petitioner on March 15, 2007, sentencing him to 300 months of imprisonment. (*See* D.E. No. 50, 3/20/07 Judgment).

It does not appear that Petitioner filed a direct appeal.

On October 6, 2009, the Government filed a Motion for Reduction of Sentence Pursuant to Rule 35(b) of the Federal Rules of Civil Procedure. (D.E. No. 60).

On October 22, 2009, Judge Zatkoff issued an Amended Judgment, reducing Petitioner's sentence to 282 months of imprisonment. (D.E. No. 62).

*More than five years later*, on July 1, 2016, Petitioner filed a *pro se* Motion to Vacate Sentence, pursuant to 28 U.S.C. § 2255. (Docket Entry No. 64). The action was reassigned to the undersigned on July 8, 2016.[1]

Petitioner's motion purports to set forth four claims, but does so in an extremely cursory fashion (ie., stating each claim, and "the supporting facts for the claim," in one or two sentences total). Petitioner did not file a supporting brief, nor did he file a reply brief in support of his motion, although the Court gave him the opportunity to do so.

The Government filed a brief in opposition to the motion on September 23, 2016. The Government construes Petitioner's motion as asserting that Petitioner is somehow entitled to relief under the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2551 (2015),

---

[1] Judge Zatkoff passed away in January of 2015.

2

wherein the Court held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. The Government opposes the motion and asks that the Court deny it.

## ANALYSIS

As a threshold matter, it appears that Petitioner's § 2255 motion, filed on July 1, 2016, is untimely.

A one-year statute of limitations applies to petitions under § 2255. 28 U.S.C. § 2255. That one-year period begins to run from the latest of several events, the relevant one here being "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). A conviction becomes final upon the conclusion of direct review. *Sanchez-Castellano v. United States*, 358 F.3d 424, 426 (6th Cir. 2004).

Here, Petitioner's conviction became final several years before he filed his § 2255 motion.

In addition, even if Petitioner had timely filed the motion, he has failed to demonstrate that he would be entitled to relief.

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255.

The Court agrees with the Government that Petitioner's reliance on *Johnson* is misplaced.

In *Johnson*, the United States Supreme Court held that the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) of the Armed Career Criminal Act ("ACCA") was unconstitutionally vague.

3

Under the ACCA, a criminal defendant who is found guilty of possessing a firearm after having been convicted on three or more convictions of a "serious drug offense" or a "violent felony" is subject to a mandatory minimum sentence of 15 years and a maximum term of life in prison. 18 U.S.C. § 924(e)(1).

But Petitioner's motion contains no explanation whatsoever as to why or how *Johnson* would apply to his case or entitle him to relief. Petitioner also does not identify which of his many convictions he contends to be invalid under *Johnson.*

Moreover, as the Government notes in its brief, Petitioner was not charged with any offense under 18 U.S.C. § 924(c), Petitioner was not sentenced as either an armed career criminal or a career offender under the guidelines, and Petitioner's sentencing guidelines were not enhanced based upon a prior crime of violence.[2]

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Petitioner's motion under 28 U.S.C. § 2255 is DENIED.

This Court also certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. In addition, this Court DECLINES TO ISSUE A CERTIFICATE OF APPEALABILITY under 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                                                              S/Sean F. Cox  
                                                                              Sean F. Cox  
                                                                              United States District Judge

Dated: March 23, 2017

---

[2] In addition, to the extent that Petitioner is attempting to make a vagueness challenge to the guidelines, such a claim would not entitle him to relief. *See Beckles v. United States*, 580 U.S. __, 2017 WL 855781 (March 6, 2017).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff/Respondent,

v.                                                         Criminal Case No. 05-90039
                                                         Civil Case No. 16-12548

Robert Lewis Young, D-1,

                                                         Sean F. Cox
    Defendant/Petitioner.                      United States District Court Judge

_____/

PROOF OF SERVICE

I hereby certify that on March 23, 2017, the foregoing document was served on counsel of record via electronic means and upon Robert Lewis Young via First Class mail at the address below:

Robert Lewis Young 40635048
MCKEAN FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 8000
BRADFORD, PA 16701

                                                               S/J. McCoy
                                                               Case Manager